[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ridenour v. O'Connell,* Slip Opinion No. 2016-Ohio-7368.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7368

THE STATE EX REL. RIDENOUR, APPELLANT, *v.* O'CONNELL, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ridenour v. O'Connell,* Slip Opinion No. 2016-Ohio-7368.]

*Mandamus—Criminal sentencing—R.C. 2929.61(A)—Relator was not entitled to be sentenced for a lesser offense—Adequate remedy at law existed to challenge sentence—Denial of writ affirmed.*

(No. 2015-2059—Submitted July 12, 2016—Decided October 19, 2016.)

APPEAL from the Court of Appeals for Montgomery County, No. 26592.

_____

**Per Curiam.**

{¶ 1} We affirm the Second District Court of Appeals' denial of a writ of mandamus to appellant, William L. Ridenour. Ridenour alleges that on April 10, 1972, he pleaded guilty to two counts of second-degree murder, one count of shooting with the intent to kill, and one count of assault with a deadly weapon. He asserts that he was sentenced to two life terms of incarceration, one 1-to-20-year

term, and two 2-to-5-year terms, all to run consecutively. He seeks a writ ordering the trial judge in his criminal case to resentence him to concurrent sentences for manslaughter, even though he pleaded guilty to second-degree murder. Ridenour asserts that under R.C. 2929.61(A), none of his sentences should have been greater than 1 to 20 years and that they should have been imposed to run concurrently rather than consecutively.

{¶ 2} Ridenour's argument that he should have been sentenced as if he had been convicted of manslaughter rather than murder misinterprets R.C. 2929.61(A), which says:

> Persons charged with a capital offense committed prior to January 1, 1974, shall be prosecuted under the law as it existed at the time the offense was committed, and, if convicted, shall be imprisoned for life, except that *whenever the statute under which any such person is prosecuted provides for a lesser penalty* under the circumstances of the particular case, such lesser penalty shall be imposed.

(Emphasis added.) This statute does not, as Ridenour argues, mean that he should have been sentenced to the penalty for a lesser *offense*, such as manslaughter, but rather that he should have been sentenced—as he apparently was—to a lesser *penalty* for the offense that he committed, i.e., second-degree murder.

{¶ 3} Moreover, as the court of appeals correctly noted, sentencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal. *See State ex rel. Hudson v. Sutula*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, ¶ 1, citing *Manns v. Gansheimer*, 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6. Here, Ridenour " 'has or had adequate remedies in the ordinary course of law, e.g.,

appeal and postconviction relief, for review of any alleged sentencing error,' " *State ex rel. Hughley v. McMonagle*, 123 Ohio St.3d 91, 2009-Ohio-4088, 914 N.E.2d 371, ¶ 1, quoting *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5.

**{¶ 4}** Ridenour filed in the trial court in his criminal case a motion to modify his sentence, based on the same argument that he makes here, and Judge O'Connell overruled the motion. Ridenour had access to an adequate remedy in the ordinary course of law by way of appeal of that decision, regardless of whether he used that remedy. If an adequate remedy was available but the party failed to take advantage of it or is time-barred from using it, mandamus will not lie to substitute for that remedy. *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, ¶ 11; *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996), citing *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.*, 73 Ohio St.3d 189, 192-193, 652 N.E.2d 750 (1995).

**{¶ 5}** Accordingly, the court of appeals correctly denied Ridenour's petition for a writ of mandamus, and we affirm its judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William J. Ridenour, pro se

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Mary E. Montgomery, Assistant Prosecuting Attorney for appellee.

_____