[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cowell v. Croce,* Slip Opinion No. 2019-Ohio-2844.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2844

THE STATE EX REL. COWELL, APPELLANT, *v.* CROCE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cowell v. Croce,* Slip Opinion No. 2019-Ohio-2844.]

*Mandamus—Appellant had adequate remedy at law by way of appeal of sentence— Court of appeals' dismissal of complaint affirmed.*

(No. 2019-0178—Submitted June 11, 2019—Decided July 16, 2019.)

APPEAL from the Court of Appeals for Summit County, No. 29199.

————————

**Per Curiam.**

{¶ 1} Appellant, Joshua R. Cowell, is serving consecutive prison terms for four offenses. He filed an original action in the Ninth District Court of Appeals seeking a writ of mandamus to compel appellee, Judge Christine Croce, to vacate his sentences, merge certain offenses, and resentence him. The court of appeals dismissed Cowell's complaint, and he has appealed here as of right. We affirm.

**{¶ 2}** In 2011, Cowell pleaded guilty to aggravated burglary, felonious assault, rape, and kidnapping. The trial court imposed a prison term for each offense and ordered the terms to be served consecutively, for an aggregate term of 25 years. Cowell did not appeal.

**{¶ 3}** In October 2018, Cowell filed his mandamus action in the court of appeals, arguing that some of his offenses are allied offenses that should have been merged at sentencing and that the trial court failed to make statutorily required findings before imposing consecutive sentences. The court of appeals determined that Cowell had an adequate remedy at law and dismissed the complaint.

**{¶ 4}** To be entitled to a writ of mandamus, Cowell must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Croce to provide that relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The court of appeals was correct in determining that Cowell did not lack an adequate remedy in the ordinary course of the law, because he could have raised his claims by appealing his sentence.

**{¶ 5}** As a general matter, sentencing errors may not be remedied through an extraordinary writ, because the defendant usually has or had "an adequate remedy at law available by way of direct appeal." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. Cowell's consecutive-sentence claim falls within this general rule. *See id*.

**{¶ 6}** So, too, does his allied-offense claim. The trial court found that Cowell's offenses were separate and should not be merged at sentencing. When a sentencing court makes such a finding, " 'imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.' " *State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 20, quoting *State v.*

*Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26. Thus, mandamus will not lie as a substitute for the appeal Cowell did not take.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joshua R. Cowell, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____