[Cite as *State ex rel. Olmstead v. Forsthoefel*, 2020-Ohio-1638.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE EX REL.<br>BRANDON OLMSTEAD | : | | JUDGES: |
| | : | | |
| Relator | : | | Hon., W. Scott Gwin, PJ. |
| | : | | Hon., Patricia A. Delaney, J. |
| | : | | Hon., William B. Hoffman., J. |
| -vs- | : | | |
| | : | | |
| JUDGE RONALD P. FORSTHOEFEL | : | | Case No. 20-COA-007 |
| | : | | |
| Respondent | : | | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Mandamus

JUDGMENT:     Dismissed

DATE OF JUDGMENT:     April 22, 2020

APPEARANCES:

For Petitioner:

Brandon Olmstead, #A704239
Northeast Ohio Correctional Center
2240 Hubbard Rd.
Youngstown, Ohio  44505

For Respondent:

Christopher R. Tunnell
Ashland County Prosecutor
Michael Donatini
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Delaney, J.*

{¶1}   On January 21, 2020, Brandon Olmstead filed a Petition for Writ of Mandamus requesting that the Court order Judge Ronald P. Forsthoefel "to vacate its judgment, sentence relator de novo, merging counts 4 & 5 as allied offense (sic) of similar import * * *" [Petition, ¶ 11] Mr. Olmstead contends he has a clear legal right to have count four (complicity to possession of methamphetamine) and count five (complicity to trafficking in drugs) merged as allied offenses of similar import under R.C. 2941.25(A).

{¶2}   For a writ of mandamus to issue, the relator must have a clear right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citation omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). The Ashland County Prosecutor, on behalf of Judge Forsthoefel, has moved to dismiss Mr. Olmstead's writ under Civ.R. 12(B)(6) or in the alternative, requests the Court convert its motion to a motion for summary judgment under Civ.R. 56.

{¶3}   The Court will address the prosecutor's motion under Civ.R. 12(B)(6). A court is permitted to dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶4}   In support of his writ, Mr. Olmstead relies on the case of *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181. The *Cabrales* case discusses how

to determine whether offenses are allied offenses of similar import under R.C. 2941.25(A). However, as we explained in *State v. Deresse*, 5th Dist. Licking No. 14-CA-31, 2014-Ohio-4234, ¶ 13, the Ohio Supreme Court overruled *Cabrales* in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Therefore, Mr. Olmstead is not entitled to the requested mandamus relief under the *Cabrales* decision.

{¶5}    Further, Mr. Olmstead had an adequate remedy at law by way of an appeal in this matter and therefore, he is not entitled to mandamus relief. *See State ex rel. Cowell v. Croce*, 157 Ohio St.3d 103, 2019-Ohio-2844, 131 N.E.3d 934, ¶ 5, citing *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. "As a general matter, sentencing errors may not be remedied through an extraordinary writ, because the defendant usually has or had 'an adequate remedy at law available by way of direct appeal.' "

{¶6}    In *State of Ohio ex rel. Perdue v. DeWeese*, 5th Dist. Richland No. 12CA19, 2012-Ohio-2858, this Court addressed a factually similar matter as presented here. In *Perdue*, relator sought a writ of mandamus and/or procedendo on the basis that his sentence was void because the trial court did not determine whether his convictions were allied offenses of similar import. *Id.* at ¶ 1. The *Perdue* Court referenced a decision from the Ohio Supreme Court, *State ex rel. Hudson v. Sutula*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, wherein the Court held: "Neither mandamus nor procedendo will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law. *State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 13." *Id.* at ¶ 1. The Supreme Court concluded that Hudson had an adequate remedy at law, by way of an appeal, to raise the alleged sentencing error. *Id.*

Based on the *Hudson* holding, we dismissed relator's original action in *Perdue* because relator has or had an adequate remedy at law. *Perdue* at ¶ 4.

{¶7} Mr. Olmstead's allied-offense claim falls within this general rule. He had an adequate remedy at law available to him to raise the allied-offenses-of-import issue in his direct appeal that he now seeks to pursue by way of mandamus relief. In fact, Mr. Olmstead knew he could raise this challenge on direct appeal because he did so arguing his criminal tools conviction should have merged with his trafficking or possession convictions. *See State v. Olmstead*, 5th Dist. Ashland No. 18-COA-016, 2018-Ohio-5301, ¶ 26. The Court ultimately rejected this argument in his direct appeal. *Id.* at ¶ 29. Because Mr. Olmstead had an adequate remedy at law in his direct appeal, he is not entitled to the requested mandamus relief.

{¶8} For these reasons, Mr. Olmstead cannot state a claim upon which relief can be granted and the prosecutor's Motion to Dismiss Pursuant to Civ.R. 12(B)(6) is granted. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

MOTION GRANTED.

CAUSE DISMISSED.

COSTS TO RELATOR.

IT IS SO ORDERED.

By, Delaney, J.

Gwin, W. Scott, P.J. and

Hoffman, William, J. concur.

[Cite as *State ex rel. Olmstead v. Forsthoefel*, 2020-Ohio-1638.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL.<br>BRANDON OLMSTEAD | : | |
| | : | |
| | : | JUDGMENT ENTRY |
| Relator | : | |
| | : | |
| -vs- | : | |
| | : | |
| JUDGE RONALD P. FORSTHOEFEL | : | CASE NO. 20-COA-007 |
| | : | |
| Respondent | : | |

For the reasons stated in our accompanying Memorandum-Opinion, Relator's Petition for Writ of Mandamus is dismissed.  Costs to Relator.

_____
Hon. Patricia A. Delaney


_____
Hon. W. Scott Gwin


_____
Hon. William B. Hoffman