[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Olmstead v. Forsthoefel*, Slip Opinion No. 2020-Ohio-4951.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4951

THE STATE EX REL. OLMSTEAD, APPELLANT, *v.* FORSTHOEFEL, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Olmstead v. Forsthoefel*, Slip Opinion No. 2020-Ohio-4951.]**

*Mandamus—Appellant's claim of sentencing error is not cognizable in mandamus—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0646—Submitted August 18, 2020—Decided October 21, 2020.)

APPEAL from the Court of Appeals for Ashland County, No. 20-COA-007, 2020-Ohio-1638.

_____

**Per Curiam.**

{¶ 1} Appellant, Brandon Olmstead, appeals the judgment of the Fifth District Court of Appeals dismissing his petition for a writ of mandamus against Ashland County Court of Common Pleas Judge Ronald P. Forsthoefel. We affirm.

**Background**

{¶ 2} In April 2017, Olmstead was charged in a six-count indictment with trafficking in marijuana (Counts 1 and 2), aggravated trafficking in drugs (Count 3), complicity to commit aggravated possession of drugs (Count 4), complicity to commit aggravated trafficking in drugs (Count 5), and possessing criminal tools (Count 6). He was found guilty of all counts, and Judge Forsthoefel sentenced him to an aggregate prison term of 61 months. Of relevance to this case, the court imposed a sentence of nine months on Count 4 and 30 months on Count 5, to be served consecutively.

{¶ 3} On appeal, Olmstead unsuccessfully argued that his conviction for Count 6 should have merged with his convictions for Counts 4 and 5 as an allied offense of similar import. *State v. Olmstead*, 5th Dist. Ashland No. 18-COA-016, 2018-Ohio-5301, ¶ 26, 29. Olmstead filed an application to reopen his appeal, arguing that appellate counsel was ineffective in arguing that Count 6 should have merged with Counts 4 and 5 instead of arguing that Counts 4 and 5 should have merged with each other, but the application was denied due to a technical defect. He also raised the trial court's failure to merge Counts 4 and 5 in two other filings: in a motion to modify his sentence, which the trial court denied on the merits, and in a "motion to notice plain error," which the court of appeals denied as procedurally improper.

{¶ 4} On January 21, 2020, Olmstead filed a petition in the Fifth District Court of Appeals, seeking a writ of mandamus to compel Judge Forsthoefel to vacate his sentence, merge Counts 4 and 5, and resentence him. The court of appeals granted Judge Forsthoefel's motion to dismiss and denied Olmstead's motion for summary judgment as moot.

{¶ 5} Olmstead has appealed to this court.

**Legal analysis**

{¶ 6} For a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

{¶ 7} To be entitled to a writ of mandamus, a relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. The court of appeals dismissed Olmstead's petition because his allegations could not satisfy the third requirement of the mandamus standard: Olmstead had an adequate remedy at law to raise his merger claim, by way of a direct appeal from his underlying convictions. 2020-Ohio-1638, ¶ 5.

{¶ 8} Mandamus will generally not lie to correct sentencing errors, because a criminal defendant usually has an adequate remedy through direct appeal. *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. A court's failure to merge allied offenses is a sentencing error for which an adequate remedy exists. *State ex rel. Sands v. Culotta*, 158 Ohio St.3d 1, 2019-Ohio-3784, 139 N.E.3d 849, ¶ 10. The court of appeals correctly determined that Olmstead's complaint fails to state a claim for relief in mandamus.

{¶ 9} Olmstead argues that *at the present time* he has no remedy in the ordinary course of the law because he has already unsuccessfully pursued one. But "[w]here a plain and adequate remedy at law has been unsuccessfully invoked, a

writ of mandamus will not lie to relitigate the same issue." *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998).

{¶ 10} Alternatively, Olmstead argues that he was denied the adequate remedy of appeal due to his counsel's negligence in failing to make the proper legal argument. But an appellant who believes that ineffective assistance of counsel has compromised his appeal still has an adequate remedy in the form of an App.R. 26(B) application to reopen the appeal. *State ex rel. Russell v. Klatt*, 159 Ohio St.3d 257, 2020-Ohio-875, 150 N.E.3d 943, ¶ 10. Unlike the relator in *Russell*, Olmstead *did* file an application to reopen his appeal, but he contends that it was denied because he failed to comply with the court's page limitation. However, the availability of appeal is an adequate remedy even when the appeal is "dismissed for a procedural failure." *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 5.

{¶ 11} For these reasons, we affirm the judgment of the court of appeals granting Judge Forsthoefel's motion to dismiss.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Brandon Olmstead, pro se.

Christopher R. Tunnell, Ashland County Prosecuting Attorney, and Michael D. Donatini, Assistant Prosecuting Attorney, for appellee.

_____