[Cite as *State ex rel. McCall v. Batchelor*, 2022-Ohio-2982.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE STATE OF OHIO, ex rel.<br>EUGENE B. McCALL | JUDGES:<br>Hon. Earle E. Wise, Jr., P. J.<br>Hon. William B. Hoffman, J. |
| Relator | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2022CA0019 |
| ROBERT BATCHELOR, JUDGE | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:        Writ of Mandamus


JUDGMENT:        Dismissed


DATE OF JUDGMENT ENTRY:        August 26, 2022


APPEARANCES:

For Relator                                        For Respondent

EUGENE B. McCALL                    JASON W. GIVEN
NOBLE CORRECTIONAL INSTITUTION        PROSECUTING ATTORNEY
15708 McConnelsville Road              318 Chestnut Street
Caldwell, Ohio  43724                   Coshocton, Ohio  43724

*Wise, John, J.*

**{¶1}** Relator Eugene B. McCall filed a Verified Complaint for Writ of Mandamus on July 8, 2022. He asks the Court to compel Respondent Judge Robert Batchelor to apply 67 days of jail-time credit to each sentence concurrently imposed in *State of Ohio v. Eugene B. McCall*, Case Nos. 2016CR0062 and 2016CR0097. For the following reasons, we dismiss the writ.

## I.      Factual background

**{¶2}** On January 24, 2017, the trial court sentenced McCall on a seven-count indictment in Coshocton Case No. 2016CR0062 and on a one-count indictment in Coshocton Case No. 2016CR0097. These two cases were previously consolidated per a Judgment Entry issued on December 20, 2016.

**{¶3}** In Case No. 2016CR0062, Judge Batchelor sentenced McCall to a six-year prison term and granted him two days of jail-time credit. In Case No. 2016CR0097, Judge Batchelor sentenced McCall to an eleven-month prison term and granted McCall sixty-seven days of jail-time credit. Judge Batchelor ordered the sentences to be served concurrently. McCall alleges Judge Batchelor applied the sixty-seven days of jail-time credit to Case No. 2016CR0097 and failed and refused to apply this same jail-time credit to the concurrent term in Case No. 2016CR0062.

**{¶4}** McCall asserts as a result, he has been denied jail-time credit to which he is constitutionally and statutorily entitled, which subjects him to double jeopardy for the duration of the jail-time credits. In support of his argument, McCall cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. Judge Batchelor filed a Motion to Dismiss Pursuant to Ohio R.Civ.P. 12(B)(6).

{¶5}   Judge Batchelor points out McCall filed Motions for Jail Time Credit in Case Nos. 2016CR0062 and 2016CR0097 on May 17, 2021. Judge Batchelor denied both motions via Judgment Entry on June 1, 2021. McCall did not appeal the denial of either motion.

## II.      Elements of writ of mandamus

{¶6}   R.C. 2731.03 provides: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983).

{¶7}   Thus, "[m]andamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343, 25 N.E.2d 940, paragraph one of the syllabus. "Extraordinary remedies, *i.e.* mandamus * * * are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction." *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973).

'It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.' (Citation omitted.)

*State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).'

### III. Analysis

**{¶8}** McCall requests mandamus relief due to an alleged sentencing error concerning jail-time credit. "[S]entencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal." *State ex rel Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. For example, in *State ex rel. Duffy v. Pittman*, 11th Dist. Portage No. 2006-P-0043, 2007-Ohio-346, ¶ 13, the court of appeals held, "under Ohio law, a trial court's calculation of jail-time credit cannot be challenged through a mandamus proceeding because direct appeal of the trial court's decision constitutes an adequate remedy at law."

**{¶9}** Here, McCall had the opportunity to directly appeal the trial court's decision regarding the application of jail-time credit and did not do so. Further, Judge Batchelor contends in his dismissal motion that McCall filed two motions asking the trial court to

recalculate his jail-time credit. In his Memorandum in Opposition to Respondent's Motion to Dismiss, McCall acknowledges the fact that he filed these motions and contends he is not precluded from filing another motion.

{¶10} We confirmed the filing of these motions by viewing the Coshocton County Clerk of Courts' docket. We are permitted to take judicial notice of public court records available on the internet. *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8 citing *Leatherworks Partnership v. Berk Realty, Inc.*, N.D.Ohio No. 4:04 CV 0784 2005 WL 3059623, *2 (Nov. 15, 2005), *aff'd in part, rev'd in part and remanded* on other grounds 247 Fed.Appx. 676 (6th Cir.2007). Further, under our plenary powers in original actions we are permitted to take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a summary judgment motion. *See id.* at ¶ 9; *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26.

{¶11} Thus, in addition to available relief by way of a direct appeal, McCall could have also appealed the denial of his motions requesting jail-time credit. In *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-616, 2015-Ohio-2356, ¶ 10, the court of appeals found relator had an adequate remedy at law where he "utilized the statutory process for correcting 'any error' in determining jail-time credit * * * by filing with the trial court a motion to order proper application of jail-time credit and did not appeal from the trial court's decision to deny his jail-time credit motion."

{¶12} McCall had adequate remedies at law and he is therefore not entitled to mandamus relief. We grant Judge Batchelor's Motion to Dismiss under Civ.R. 12(B)(6). McCall failed to state a claim for relief. The clerk of courts is hereby directed to serve

upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶13}  MOTION TO DISMISS GRANTED.

{¶14}  WRIT OF MANDAMUS DISMISSED.

{¶15}  COSTS TO RELATOR.

{¶16}  IT IS SO ORDERED.

By: Wise, John, J.

Wise, Earle, P. J., and

Hoffman, J., concur.

JWW/ac 0822