[Cite as *State ex rel. Roush v. Hickson*, 2023-Ohio-4114.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL, SHANE ROUSH, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| Relator | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | |
| JUDGE ROBERT C. HICKSON, JR., | : | Case No. 2022CA0005 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Writ of Mandamus

JUDGMENT:        Dismissed

DATE OF JUDGMENT:        November 14, 2023

APPEARANCES:

For Plaintiff-Relator

SHANE ROUSH #613-045, *Pro Se*
NCCI
PO Box 1812
Marion, Ohio  43301

For Defendant-Respondent

GEORGE JONSON
COOPER D. BOWEN
Montgomery Jonson LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202

*Baldwin, J.*

{¶1} Relator Shane Roush filed a Complaint for Writ of Mandamus seeking to correct an alleged illegal criminal sentence. Roush alleges his sentence is void and he should be resentenced because the sentencing entry in his underlying criminal case included the term "mandatory" for the sentence on certain crimes (attempted aggravated murder and felonious assault) when those charges do not carry mandatory prison sentences.

## I. Background

{¶2} On October 27, 2010, Roush was indicted on one count of attempted aggravated murder, a felony of the first degree, with specifications for using a firearm and using body armor during the offense; four counts of felonious assault, felonies of the first or second degree, with specifications; and illegal cultivation of marihuana, a felony of the second degree, with specifications. The indictment stemmed from an incident where Roush, wearing a Kevlar flak vest, fired an assault rifle at a group of people striking a Morrow County Sheriff Deputy several times. The deputy was severely injured and later medically retired. *See State v. Roush*, 5th District Morrow No. 13CA0008, 2014-Ohio-4887.

{¶3} Thereafter, the state and Roush reached a plea agreement. As part of the agreement, in exchange for Roush pleading guilty to certain charges, the state recommended a sentence totaling 25 years. The trial court imposed the following sentence: ten years on Count I (attempted aggravated murder), plus seven years mandatory consecutive sentence for the firearm specification and two years mandatory consecutive sentence for the body armor specification; six years on Count III (felonious

assault) to be served consecutively; and six years on each of the remaining felonious assault counts to be served concurrently, with three years mandatory on the corresponding gun specifications, which merged with the gun specification sentence in Count I.

**{¶4}** Roush did not file a direct appeal from his sentence. Rather, he appealed a September 9, 2013 Judgment Entry denying his pro se motion to correct his sentence.[1] Roush's argument in his 2013 appeal was similar to that presented here. He claimed the Ohio Revised Code does not provide for mandatory sentences for the underlying charges of attempted aggravated murder and felonious assault and the sentencing entry designating them mandatory rendered the sentence illegal and void.

**{¶5}** This Court held in the 2013 appeal, "[t]he trial court's inclusion of the term 'mandatory' in Appellant's sentence does not render his sentence illegal. Any claimed error was capable of being raised on direct appeal. Accordingly, we find Appellant's argument is barred by the doctrine of res judicata." *Roush* at ¶ 51. In reaching this conclusion, the Court also noted, "Appellant's sentence was within the range of penalties for the offenses of attempted aggravated murder and felonious assault." *Id*. at ¶ 50.

---

[1] This Court can take judicial notice of court filings which are readily accessible from the internet. *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet). Further, "[w]hen entertaining a motion to dismiss a writ complaint, a court may take judicial notice of the docket and record in a closely related case to determine whether the current complaint states a claim for relief." *Lundeen v. Turner*, 164 Ohio St.3d 159, 2021-Ohio-1533, 172 N.E.3d 150, ¶ 3, citing *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 18.

**{¶6}** Roush filed a Complaint for Writ of Mandamus on April 19, 2022. Roush asks this Court to resentence him by removing the "mandatory" terminology of his underlying charges or in the alternative, order the trial court to correct his alleged illegal sentence. On May 2, 2022, we sua sponte dismissed the appeal for Roush's failure to comply with R.C. 2969.25(A).

**{¶7}** Roush appealed to the Ohio Supreme Court and the Court subsequently reversed and remanded the matter to this Court for further proceedings. *See State ex rel. Shane Roush v. Judge Henry E. Shaw, Jr. [Judge Robert C. Hickson, Jr.]*, ____ Ohio St.3d ____, 2023-Ohio-1696, ____ N.E.3d ____, ¶ 11. On remand, Respondent Judge Hickson[2] filed a Motion to Dismiss Complaint for Writ of Mandamus. Roush filed a Reply Memorandum in Opposition to Respondent's Motion to Dismiss. Judge Hickson filed a reply in support of his motion.

## II. Analysis

### A. Mandamus elements and Civ.R. 12(B)(6).

**{¶8}** A relator seeking mandamus relief "must establish (1) a clear legal right to the requested relief; (2) a clear legal duty on the part of the respondent official or government unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18, quoting *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "The relator must prove entitlement to the writ by clear and

---

[2] Roush's complaint identified as the respondent Judge Henry E. Shaw Jr., who died while the appeal was pending before the Ohio Supreme Court. Judge Robert C. Hickson Jr., of the Morrow County Common Pleas Court, has been substituted for Judge Shaw as respondent in this matter.

convincing evidence." *Id.*, citing *State ex rel. Cleveland Right to Life v. State Controlling Bd.*, 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2.

**{¶9}** Judge Hickson seeks dismissal of the mandamus complaint under Civ.R. 12(B)(6). "For a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." (Citation omitted.) *State ex rel. Bandy v. Gilson*, 161 Ohio St.3d 237, 2020-Ohio-5222, 161 N.E.3d 672, ¶ 11.

**B. *Sentencing errors are not generally remediable by extraordinary writ.***

**{¶10}** Roush's writ challenges his sentence. However, the alleged sentencing error was present from the date of his sentencing. He did not file a direct appeal challenging his sentence. "[S]entencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal." [Citations omitted.] *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3.

**{¶11}** Here, Roush " 'has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error.' " *Id.*, quoting *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. Rather than seek either of these remedies, Roush filed a motion to correct his sentence. Presently, in his writ of mandamus, Roush essentially makes the same argument that he made in his appeal of the denial of his motion to correct his sentence in 2013. Thus, he had adequate remedies available to him. "If an adequate

remedy was available but the party failed to take advantage of it or is time-barred from using it, mandamus will not lie to substitute for that remedy. [Citations omitted.] *Id.* at ¶ 4.

**C. *Roush's writ is barred under the doctrine of res judicata.***

**{¶12}** Res judicata also bars Roush's mandamus claim. "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. * * * Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it." *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8.

**{¶13}** Roush did not raise his sentencing issue by way of a direct appeal, but instead raised it when he appealed the trial court's denial of his motion to correct his sentence. This Court rejected Roush's argument in 2014 concluding the inclusion of the term "mandatory" in his sentence did not render his sentence illegal. *Roush*, 2014-Ohio-4887, ¶ 51. The Court also noted in Roush's prior appeal that any claimed error was capable of being raised on direct appeal and therefore, his argument was barred by the doctrine of res judicata. *Id.*

**{¶14}** Roush has previously unsuccessfully requested to be resentenced based on his claim that the "mandatory" terminology in his underlying charges should be removed. The trial court denied this request and this Court affirmed the trial court's decision in 2014. Therefore, having previously addressed this issue we find it appropriate to dismiss Roush's writ on the basis of res judicata.

### III. Conclusion

{¶15} For the foregoing reasons, we grant Judge Hickson's Motion to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶16}  MOTION GRANTED.

{¶17}  CAUSE DISMISSED.

{¶18}  COSTS TO RELATOR.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.