[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roush v. Hickson*, Slip Opinion No. 2024-Ohio-4741.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4741

THE STATE EX REL. ROUSH, APPELLANT, *v*. HICKSON, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roush v. Hickson*, Slip Opinion No. 2024-Ohio-4741.]

*Mandamus—Inmate failed to state a mandamus claim because a direct appeal of his sentence was an adequate remedy in ordinary course of law—Court of appeals' dismissal of complaint affirmed.*

(No. 2023-1536—Submitted July 9, 2024—Decided October 2, 2024.)

APPEAL from the Court of Appeals for Morrow County, No. 2022CA0005, 2023-Ohio-4114.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} This is a direct appeal from a judgment dismissing appellant Shane Roush's complaint for a writ of mandamus. Roush, an inmate at the North Central Correctional Complex, had requested that the Fifth District Court of Appeals resentence him or issue a writ of mandamus ordering Morrow County Court of Common Pleas Judge Henry E. Shaw to correct his sentence, arguing that Judge Shaw erred in imposing mandatory sentences. Appellee, Judge Robert C. Hickson Jr., was substituted for Judge Shaw after Judge Shaw passed away. *See* S.Ct.Prac.R. 4.06(B).

{¶ 2} The Fifth District dismissed Roush's complaint, determining that he had an adequate remedy in the ordinary course of the law in the form of a direct appeal and that his mandamus claim was barred by res judicata. We affirm on the basis that Roush failed to state a claim for a writ of mandamus.

## BACKGROUND

{¶ 3} In 2011, Roush pleaded guilty to attempted aggravated murder, with firearm and body-armor specifications, and three felonious-assault charges, each with firearm and body-armor specifications. Judge Shaw sentenced him to an aggregate mandatory 25-year term of imprisonment.

{¶ 4} On April 19, 2022, Roush filed this mandamus action in the Fifth District. Roush contended that Judge Shaw erred in concluding that R.C. 2929.13(F)(8) prescribed mandatory prison sentences for the underlying charges to which he had pleaded guilty. Accordingly, Roush argued, his sentence is void. Roush requested that the Fifth District resentence him or issue a writ ordering Judge Shaw to correct his sentence.

{¶ 5} In May 2022, the Fifth District sua sponte dismissed Roush's complaint, determining that Roush's affidavit of prior civil actions, required by R.C. 2969.25(A), did not list a petition for a writ of habeas corpus that Roush filed in the United States District Court for the Southern District of Ohio on July 18,

2017. Roush appealed the dismissal to this court. In May 2023, we reversed the dismissal and remanded the case to the Fifth District, holding that a court must provide notice and an opportunity to be heard "before taking notice of facts contained in another court's docket and relying on those facts to sua sponte dismiss a complaint for failure to comply with R.C. 2969.25." 2023-Ohio-1696, ¶ 1.

{¶ 6} On remand, Judge Hickson filed a motion to dismiss, which the Fifth District granted. The Fifth District concluded that Roush had had an adequate remedy in the ordinary course of the law: a direct appeal of his sentence. The court also determined that the case was barred by res judicata because the Fifth District rejected the same sentencing challenge from Roush in 2014.

{¶ 7} Roush has appealed to this court as of right.

## ANALYSIS

{¶ 8} We conduct a de novo review of a decision granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Duncan v. Am. Transm. Sys., Inc.*, 2022-Ohio-323, ¶ 10. "Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to a writ of mandamus." *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8. "However, unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12.

{¶ 9} "To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *Id.* at ¶ 8.

**{¶ 10}** Roush argues that we should allow an erroneous sentence imposed by a court with competent jurisdiction to be corrected at any time through a mandamus action. However, "[m]andamus will generally not lie to correct sentencing errors, because a criminal defendant usually has an adequate remedy through direct appeal." *State ex rel. Olmstead v. Forsthoefel*, 2020-Ohio-4951, ¶ 8. Roush's guilty plea would not have precluded him from arguing on direct appeal that his sentence was not authorized by law or was inconsistent with the jointly recommended sentence. *See* R.C. 2953.08(D)(1); *see also State ex rel. Ridenour v. O'Connell*, 2016-Ohio-7368, ¶ 3 (defendant who pleaded guilty to murder had adequate remedy in ordinary course of law—an appeal—for review of any alleged sentencing error).

**{¶ 11}** Roush next asserts that the reason he did not appeal his sentence was that he did not believe at the time that it was unlawful. Nevertheless, "[i]f an adequate remedy was available but the party failed to take advantage of it or is time-barred from using it, mandamus will not lie to substitute for that remedy." *Ridenour* at ¶ 4. Therefore, the court of appeals was correct to conclude that Roush failed to plead a mandamus claim because he had an adequate remedy in the ordinary course of the law.

**{¶ 12}** Roush also proposes that we create a "manifest injustice exception" to the rule that a relator seeking a writ of mandamus to correct an allegedly unlawful sentence must lack an adequate remedy in the ordinary course of the law. Roush asserts that "it is immaterial whether [he] had an adequate remedy at law" because "res judicata cannot be applied to work an injustice."

**{¶ 13}** However, Roush's argument conflates the standard for an extraordinary writ of mandamus and the res judicata standard, which are distinct legal concepts.[1] With respect to the former standard, which is the one that applies

---

1. In any event, we have rejected such a proposed manifest-injustice exception to our res judicata doctrine. *See AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097,

here, a sentencing error committed by a court with jurisdiction over the case and the defendant renders a sentence voidable, not void. *State v. Henderson*, 2020-Ohio-4784, ¶ 27. Such a sentence "has the force of a valid legal judgment, regardless of whether it is right or wrong." *Id.* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 494 (1927). As a result, a voidable sentence should be challenged through a direct appeal, not a collateral attack under Ohio law such as a mandamus petition. *See State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 16; *accord Henderson* at ¶ 26.

{¶ 14} In a related argument, Roush contends that this court should adopt the standard used by federal courts, which—according to Roush—permits writs of mandamus to be issued to correct unlawful sentences. However, Ohio's mandamus jurisprudence is rooted in statute, R.C. Ch. 2731. Accordingly, the federal cases Roush cites are inapplicable.

## CONCLUSION

{¶ 15} The court of appeals correctly dismissed Roush's complaint for failing to state a claim for a writ of mandamus because Roush had an adequate remedy in the ordinary course of the law: a direct appeal of his sentence. Therefore, we affirm the judgment of the Fifth District Court of Appeals. Affirming on this basis, we need not consider whether the Fifth District was correct in concluding that Roush's claim was barred by res judicata.

Judgment affirmed.

—————————

Shane Roush, pro se.

Montgomery Jonson L.L.P., George D. Jonson, and Cooper D. Bowen, for appellee.

—————————

¶ 19 ("we hold that res judicata bars parties from raising claims based on unreasonable or unjust results when the parties had a full and fair opportunity to litigate the issue in the first instance").