**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ridenour v. Shoop,* **Slip Opinion No. 2019-Ohio-1313.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1313

RIDENOUR, APPELLANT, *v*. SHOOP, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ridenour v. Shoop,* Slip Opinion No. 2019-Ohio-1313.]

*Habeas corpus—criminal sentencing—R.C. 2929.61(A)—Adequate remedy at law existed to challenge sentence—Court of appeals' dismissal affirmed.*

(No. 2018-1490—Submitted February 19, 2019—Decided April 10, 2019.)

APPEAL from the Court of Appeals for Ross County, No. 18CA3659.

_____

**Per Curiam.**

{¶ 1} Appellant, William L. Ridenour, an inmate at the Chillicothe Correctional Institution, appeals the judgment of the Fourth District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Warden Timothy Shoop. We affirm.

**Background**

{¶ 2} In 1972, Ridenour was indicted on two counts of first-degree murder but pleaded guilty to the lesser included offense of second-degree murder on each

count. He was sentenced to two life sentences for the murder convictions (and to indeterminate prison terms on three other counts), to be served consecutively.

{¶ 3} Ridenour escaped from prison and committed several additional crimes. In 1978, he pleaded guilty to five new offenses and was sentenced to prison terms for each. The trial court ordered these sentences to run concurrently with each other (for an aggregate sentence of 4 to 25 years) but consecutively to the sentences in the 1972 case.

{¶ 4} In July 2018, Ridenour filed a habeas corpus complaint, asserting that his maximum sentence of 45 years in prison had expired. Warden Shoop filed a motion to dismiss. In October 2018, the court of appeals granted the motion, holding that Ridenour failed to state a claim upon which relief can be granted, as he had an adequate remedy to raise his claims by way of a postconviction-relief petition. Ridenour filed a timely appeal.

## Law and Analysis

{¶ 5} A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 6} A defendant is subject to the sentencing scheme in effect at the time of his offense. *E.g.*, *State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621, ¶ 121-122. And, as Ridenour concedes, "the trial court sentenced [him] under the law in effect at the time the homicide offenses were allegedly committed" and the "trial court in 1972 had jurisdiction over the offenses and [the] punishment." At the time, R.C. 2901.05 mandated a penalty of life in prison for

murder in the second degree. Former R.C. 2901.05, as recodified in 1953 from G.C. 12403, 1953 Am.H.B. No. 1, 125 Ohio Laws 7.

{¶ 7} Ridenour relies on R.C. 2929.61(A) to argue that he should be sentenced in accordance with the lesser included charge of manslaughter, rather than second-degree murder. R.C. 2929.61(A) provides:

> Persons charged with a capital offense committed prior to January 1, 1974, shall be prosecuted under the law as it existed at the time the offense was committed, and, if convicted, shall be imprisoned for life, except that whenever the statute under which any such person is prosecuted provides for a lesser penalty under the circumstances of the particular case, such lesser penalty shall be imposed.

{¶ 8} We rejected Ridenour's R.C. 2929.61(A) argument in an earlier decision, holding that the sentencing errors alleged by Ridenour are not cognizable in habeas corpus because he had an adequate remedy at law by way of direct appeal. *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3-4. As we explained in 2016,

> [t]his statute does not, as Ridenour argues, mean that he should have been sentenced to the penalty for a lesser *offense*, such as manslaughter, but rather that he should have been sentenced—as he apparently was—to a lesser *penalty* for the offense that he committed, i.e., second-degree murder.

(Emphasis sic.) *Id.* at ¶ 2. Ridenour now couches his argument as an error in statutory interpretation rather than a sentencing error. Nonetheless, Ridenour

makes the same argument as was rejected in 2016—that he is entitled to be sentenced for manslaughter rather than second-degree murder.

{¶ 9} Second, Ridenour claims that because sentences are presumed to be concurrent, the trial court improperly imposed consecutive sentences. Ridenour's argument is not cognizable in habeas corpus, because he could have challenged the imposition of consecutive sentences on direct appeal. *See State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 3-7.

{¶ 10} Third, Ridenour makes a sufficiency-of-the-evidence argument, claiming that his alcoholism prevented him from forming the specific intent necessary for a murder conviction. But challenges to the sufficiency of the evidence are not cognizable in habeas corpus. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 8.

{¶ 11} Finally, Ridenour contends that the court of appeals improperly applied the doctrine of res judicata to his habeas action. But the court of appeals did not dismiss Ridenour's claim based on the doctrine of res judicata; the court of appeals held that Ridenour had had other adequate remedies in the ordinary course of the law.

{¶ 12} The court of appeals correctly dismissed Ridenour's petition.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

William L. Ridenour, pro se.

Dave Yost, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____