[Cite as *State v. Tidwell*, 2021-Ohio-1286.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN B. TIDWELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 JE 0003**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 80-CR-4

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin,* Jefferson County Prosecutor, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee. No Brief Filed.

Mr. John B. Tidwell, *Pro se*, #A-760-721, 2240 Hubbard Road, Youngstown, Ohio 44505, for Defendant-Appellant

Dated: March 31, 2021

---

**WAITE, J.**

**{¶1}** Appellant John B. Tidwell appeals a January 13, 2020 Jefferson County Court of Common Pleas judgment entry which denied his postconviction petition without a hearing. Appellant argues that he was convicted of and sentenced for murder in the second degree, pursuant to a code section that did not exist at the time of his conviction and sentence. As such, he argues that his conviction should be reduced from murder in the second degree to voluntary manslaughter. Appellant also argues that the trial court improperly denied his petition without either holding an evidentiary hearing or filing its findings of facts and conclusions of law. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** In May of 1977, Appellant was indicted in Trumbull County on four counts of murder, felonies of the first degree in violation of R.C. 2901.01, and one count of burglary of an inhabited dwelling, a violation of R.C. 2907.09. The case was transferred to Jefferson County after the trial court granted defense counsel's motion for change of venue. During the pendency of the case, Appellant was convicted of a homicide offense in the state of California and sentenced in California to twenty-five years to life in prison. It appears Appellant unsuccessfully appealed that conviction.

**{¶3}** On April 25, 1980, Appellant pleaded no contest in the instant case to one count of murder in the second degree, a violation of R.C. 2901.05. The remaining charges were dismissed. On the same date, Appellant was sentenced to fifteen years to life in

prison, to be served "while he serves his Life sentence" in California. (4/25/80 J.E.) Although the exact date is unclear, Appellant was released on parole in California and was transferred to Ohio to begin serving his sentence in the instant case.

{¶4} On August 19, 2019, the Ohio Parole Board denied Appellant parole based on the seriousness of his crimes and the fact that he had only served six months of his Ohio prison sentence. Thus, it appears Appellant was transferred from California to Ohio around February of 2019.

{¶5} On October 8, 2019, Appellant filed a series of motions in the Jefferson County Court of Common Pleas. His filing included a motion for transcripts and records, a motion for stay and bond, and a motion seeking post-conviction relief. On November 4, 2019, Appellant filed a motion for summary judgment. On January 13, 2020, the trial court overruled all of Appellant's motions without a hearing. It is from this entry that Appellant timely appeals.

### Service

{¶6} Appellant's notice of appeal was properly served on the Jefferson County Prosecutor. However, the certificate of service attached to his brief states that it was served on "the Attorney General Office, 100 W. Federal Plaza., East Youngstown, OH, 44503." Despite the apparent service error, a review of the Jefferson County online docket shows that Appellant's brief in this matter was placed in the prosecutor's tray on March 2, 2020. The state has not filed a brief nor has it filed a motion to dismiss the appeal for failure of service.

### Postconviction Petition

Case No. 20 JE 0003

{¶7} In order to successfully assert a postconviction petition, "the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions." *State v. Agee*, 7th Dist. Mahoning No. 14 MA 0094, 2016-Ohio-7183, ¶ 9, citing R.C. 2953.21(A)(1).

{¶8} The petitioner bears the burden of demonstrating "substantive grounds for relief" through the record or any supporting affidavits. *Agee* at ¶ 9. However, as a postconviction petition does not provide a forum to relitigate issues that could have been raised on direct appeal, *res judicata* bars many claims. *Agee* at ¶ 10.

Timeliness

{¶9} R.C. 2953.21(A)(2) requires a petitioner to file a petition within one year after the trial transcripts are filed in the court of appeals. In relevant part, R.C. 2953.21(A)(2) provides that a postconviction petition:

[S]hall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶10} Ohio law provides a two-part exception to this rule if the petitioner can demonstrate that he meets the criteria found in R.C. 2953.23(A)(1)(a)-(b). Pursuant to R.C. 2953.23(A)(1)(a), the petitioner must either show that he: "was unavoidably

prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."

{¶11} Appellant was sentenced on April 25, 1980. We glean from the Jefferson County online docket that Appellant attempted to file a *pro se* notice of appeal in *State v. Tidwell*, 03 JE 0003. From the limited docket, it appears this appeal was dismissed as untimely on February 4, 2003. No opinion in the matter is unavailable. Regardless, Appellant's time to file an appeal expired thirty days after his April 25, 1980 sentencing entry was filed.

{¶12} Appellant argues that the date of his transfer from incarceration in California to his incarceration in Ohio should substitute for the filing of trial transcripts in order to trigger his postconviction filing timeline to begin to run. Appellant argues that his California incarceration somehow prevented him from filing a direct appeal in Ohio. Appellant has provided no legal authority to support his argument that incarceration in California serves as a tolling event for purposes of R.C. 2953.21. Appellant also provides no legal support for his argument that his failure to timely file a direct appeal tolls the postconviction petition timeline. In fact, R.C. 2953.21(A)(2) states that if no appeal is taken, "the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." Here, Appellant filed his petition approximately forty years after his time to file a direct appeal expired.

{¶13} Thus, Appellant's petition is untimely.

ASSIGNMENT OF ERROR NO. 1

THE COURT OF COMMON PLEAS ERRED BY OVERRULING WITHOUT A HEARING APPELLANT'S MOTION FOR POST CONVICTION RELIEF ON THE CONSTITUTIONALITY OF A [SIC] UNAUTHOROIZED SENTENCE IN VIOLATION OF THE U.S. CONSTITUTION FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS AND OHIO CONSTITUTION, ARTICLE 1, SECTIONS 2, 9, 10, AND 16.

**{¶14}** Appellant argues that he was convicted of and sentenced for murder in the second degree pursuant to R.C. 2901.05, however, that code section had been reassigned to another offense at the time of his sentencing in 1980. Because he was incarcerated out-of-state, he argues that he was prevented from learning of the error in his sentencing entry and was unable to file a direct appeal.

**{¶15}** The doctrine of *res judicata* "bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal." *State v. Croom*, 7th Dist. Mahoning No. 13 MA 98, 2014-Ohio-5635, ¶ 7, citing *State v. Ishmail*, 67 Ohio St.2d 16, 18, 423 N.E.2d 1068 (1981). However, where "an alleged constitutional error is supported by evidence that is de hors the record, res judicata will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal." *State v. Green*, 7th Dist. Mahoning No. 02 CA 35, 2003-Ohio-5142, ¶ 21, citing *State v. Smith*, 125 Ohio App.3d 342, 348, 708 N.E.2d 739 (12th Dist.1997). To overcome the *res judicata* bar, the petitioner must demonstrate that the claim could not have been appealed based on the original trial record. *Agee* at ¶ 11, citing *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205 (1st Dist.1994).

**{¶16}** Pursuant to the Ohio Supreme Court's recent decision in *State v. Henderson,* -- Ohio St.3d --, 2020-Ohio-4784, -- N.E.3d --, "[a] sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 27. Here, there is no argument and the record does not reflect that the trial court lacked subject matter or personal jurisdiction over Appellant. Thus, Appellant's sentence is voidable rather than void and *res judicata* bars Appellant's claims, as they could have been raised on direct appeal.

**{¶17}** Appellant argues that he could not have raised this issue in a direct appeal because, due to his incarceration in California, he was unaware that the code section had been reclassified. However, the sentencing entry that references the code section at issue was filed on April 25, 1980. There is no evidence, and Appellant does not claim, that he did not receive a copy of the sentencing entry. Thus, he was put on notice of the exact code section that was listed in the April 25, 1980 entry at the time it was filed.

**{¶18}** Even if Appellant's claims were not barred by *res judicata,* his arguments are without merit. Appellant's plea agreement reflects that he pleaded guilty to second degree murder, a violation of R.C. 2901.05. Appellant correctly states that R.C. 2901.05 was reclassified as part of the new criminal code on January 1, 1974. *State v. Kinkopf*, 8th Dist. Cuyahoga No. 33991, 1975 WL 182839, *3.

**{¶19}** This issue had been addressed in three Ohio Supreme Court cases. See *State ex rel. Ridenour v. O'Connell,* 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742 ("*Ridenour I*"); *Ridenour v. Shoop,* 156 Ohio St.3d 412, 2019-Ohio-1313, 128 N.E.3d 197 ("*Ridenour II*"); *State v. Craig,* 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621.

{¶20} In *Ridenour I* and *II,* the defendant was indicted for conduct that occurred in 1972. In 1974, he pleaded guilty to second-degree murder. In both cases, he argued that second-degree murder did not exist at the time he pleaded guilty and was sentenced for the offense. *Id.* at ¶ 2. As a remedy, he sought to be resentenced to manslaughter. In *Ridenour I,* he filed a writ, framing his argument as a sentencing error. The *Ridenour I* Court denied the writ, holding that that sentencing errors are not remedied by means of a writ but on direct appeal. *Id.* at ¶ 3.

{¶21} In *Ridenour II,* he raised the same arguments, this time framed as a statutory interpretation argument. *Id.* at ¶ 8. The Court again rejected his argument, holding that "[a] defendant is subject to the sentencing scheme in effect at the time of his offense." *Id.* at ¶ 6, citing *Craig, supra*, at ¶ 121-122. Because the law in effect at the time he committed his offense provided for a second-degree murder charge, the defendant was subject to prosecution for second-degree murder.

{¶22} In contrast, the Supreme Court reversed the conviction of a defendant who was convicted of kidnapping and rape for offenses committed in February and March of 1996. *Craig, supra,* at ¶ 121. In reversing the convictions, the *Craig* Court explained that the rape and kidnapping charges were based on law that did not become effective until July 1, 1996, several months after the relevant conduct occurred. *Id.*

{¶23} According to Appellant's indictment, the offense in this matter occurred on July 7, 1973. Thus, the offense predates the statutory change of murder in the second degree which occurred on January 1, 1974. In accordance with the established law of Ohio, Appellant was subject to conviction and sentencing in accordance with the law in effect at the time he committed his crime, which in this case was second-degree murder.

{¶24} Accordingly, Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE COURT OF COMMON PLEAS ERRED BY OVERRULING WITHOUT

A HEARING APPELLANT'S MOTION FOR POSTCONVICTION RELIEF.

{¶25} Appellant argues that the trial court erroneously denied his request for an evidentiary hearing.

{¶26} A petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982). The Ohio Supreme Court has held "*res judicata* to be a proper basis upon which to dismiss without hearing an R.C. 2953.21 petition." *Cole, supra,* at 113, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Duling*, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970). Although the basis of the trial court's decision to deny the petition is unclear from the court's one-line judgment entry, it is readily apparent that Appellant's petition is untimely and barred by *res judicata*. These negate the need for a hearing.

{¶27} As such, Appellant's second assignment of error is without merit and is overruled.

Conclusion

{¶28} Appellant argues that he was convicted and sentenced pursuant to a code section that did not exist at the time of sentencing. Appellant also argues that the trial court erroneously denied his petition without either holding an evidentiary hearing or by

filing findings of facts and conclusions of law. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**