[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Fleegle*, Slip Opinion No. 2020-Ohio-3302.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3302

THE STATE EX REL. KING, APPELLANT, *v.* FLEEGLE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. King v. Fleegle*, Slip Opinion No. 2020-Ohio-3302.]

*Mandamus—Inmate had adequate remedy by way of appeal to challenge his sentence—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1785—Submitted April 28, 2020—Decided June 16, 2020.)

APPEAL from the Court of Appeals for Muskingum County,

No. CT2019-0081, 2020-Ohio-2732.

_____

**Per Curiam.**

{¶ 1} Appellant, Richard King, appeals the Fifth District Court of Appeals' dismissal of his petition for a writ of mandamus against appellee, Muskingum County Court of Common Pleas Judge Mark C. Fleegle. Because King had an adequate remedy in the ordinary course of the law, we affirm the judgment of the court of appeals.

## Background

**{¶ 2}** King is currently incarcerated at the North Central Correctional Institution. In November 2019, he filed in the Fifth District a petition for a writ of mandamus seeking an order directing Judge Fleegle to "correct" King's sentence. With the petition, King submitted a memorandum stating that he was indicted on one count of pandering obscenity involving a minor, a second-degree felony, and 61 counts of the fourth-degree-felony level of the same offense. According to King, the jury found him guilty of only the fourth-degree felonies but Judge Fleegle sentenced him on the second-degree felony to eight years in prison, which exceeded the statutory maximum sentence for a fourth-degree felony. King argued that a writ of mandamus is necessary to correct his sentence.

**{¶ 3}** The Fifth District dismissed King's petition for failure to state a claim under Civ.R. 12(B)(6). The court concluded that King's claim of a sentencing error is not cognizable in mandamus because he could have—and did—challenge his sentence on direct appeal and by way of postconviction relief. The court also concluded that King had failed to file a proper pleading under R.C. 2731.04.

**{¶ 4}** King appealed, raising one proposition of law asserting that he has met the elements for a writ of mandamus under R.C. Chapter 2731 because his sentence is void and he has no adequate remedy at law.

## Analysis

**{¶ 5}** For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. To be entitled to a writ of mandamus, the relator must establish, by clear and convincing evidence, (1) a clear legal right to

2

the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *Id.*

{¶ 6} As the Fifth District noted, "sentencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3. For example, in *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, an inmate filed a mandamus complaint alleging that he was improperly sentenced for aggravated first-degree kidnapping, rather than aggravated second-degree kidnapping, and his sentence therefore exceeded the statutory maximum for the offense of which he was convicted. We affirmed the dismissal of the complaint, concluding that the inmate had "fail[ed] to state a claim in mandamus because he had an adequate remedy at law to challenge alleged sentencing errors." *Id*. at ¶ 16; *see also State ex rel. Green v. Wetzel*, 158 Ohio St.3d 104, 2019-Ohio-4228, 140 N.E.3d 586, ¶ 10 (affirming dismissal of a mandamus complaint alleging that the relator's sentence for the offense of which he was convicted was invalid, because his claim could have been asserted on appeal and therefore was not cognizable in mandamus); *State ex rel. Hunter v. Binette*, 154 Ohio St.3d 508, 2018-Ohio-2681, 116 N.E.3d 121, ¶ 20 (affirming denial of a mandamus complaint alleging that the relator was sentenced for an aggravated felony even though he was not convicted of an aggravated felony, because the relator could have challenged the sentence on appeal).

{¶ 7} Like the relators in *Norris*, *Green*, and *Hunter*, King had an adequate remedy by way of appeal to challenge any alleged sentencing error. Indeed, in his merit brief, he lists several "prior civil and criminal actions" in which he claims that he tried to challenge his sentence. Because King has not asserted a claim cognizable in mandamus, the Fifth District correctly dismissed his petition.

{¶ 8} For this reason, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DeWINE, DONNELLY, and STEWART, JJ., concur.

_____

Richard King, pro se.

D. Michael Haddox, Muskingum County Prosecuting Attorney, and Mark A. Zanghi, Assistant Prosecuting Attorney, for appellee.

_____