[Cite as *Patterson v. D'Apolito*, 2024-Ohio-1632.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

ELIZABETH PATTERSON,

Relator,

v.

JUDGE ANTHONY M. D'APOLITO ET AL.,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0021**

---

Writ of Mandamus

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

Elizabeth Patterson, *Pro se*, Relator and

*Atty. Gina DeGenova*, Mahoning County Prosecutor, and *Atty. Jacqueline M. Johnston*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Respondent Judge Anthony D'Apolito and

*Atty. Michael C. O'Malley*, Cuyahoga County Prosecutor, and *Atty. Craig J. Morice*, Assistant Prosecuting Attorney, Cuyahoga County Prosecutor's Office, for Respondent Cuyahoga County Division of Children and Family Services and

*Atty. Thomas C. Loepp*, Thomas C. Loepp, Law Offices, Co., LPA, for Respondent New Beginnings Residential Treatment Center.

Dated:  April 26, 2024

**PER CURIAM.**

## I. INTRODUCTION

{¶1}    Relator Elizabeth Patterson, representing herself, has commenced this original action with the filing of a petition for a peremptory writ of mandamus against Respondents Judge Anthony M. D'Apolito ("Judge D'Apolito"), Cuyahoga County Division of Children and Family Services ("CCDCFS"),[1] New Beginnings Residential Treatment Center ("New Beginnings"), and Annette Patterson.  This action is related to a civil lawsuit Relator brought against CCDCFS, New Beginnings, and Annette Patterson.  Respondent Judge Anthony D'Apolito is presiding over the case.  Relator seeks a writ of mandamus to compel Judge D'Apolito to enter a default judgment and summary judgment in her favor and against CCDCFS, New Beginnings, and Annette Patterson on her claims.  New Beginnings, Judge D'Apolito, and CCDCFS have each moved to dismiss.  Because Relator's petition does not meet the procedural requirements of R.C. 2731.04 and exceeds the scope of authority for issuing a writ under R.C. 2731.03, we grant the motions to dismiss and deny the petition.

### A. Facts & Procedural History

{¶2}    Representing herself in the Mahoning County Court of Common Pleas, Relator filed a lawsuit naming as party defendants CCDCFS, New Beginnings, and Annette Patterson (collectively, "the defendants") on May 22, 2023.  *Patterson v. Cuyahoga Cty. Children & Family Servs.*, Mahoning C.P. No. 2023 CV 00964.  Relator's complaint outlined a series of interconnected claims that span negligence, breach of duty, constitutional violations, intentional infliction of emotional distress, and breach of contract. Relator implicated each defendant in a manner that reflected their relationship with her

---

[1]. In the case caption of Relator's petition, she identifies CCDCFS as "Cuyahoga County Children Famiy [sic] Services".  The typographical error and technical misidentification of its official name does not prejudice CCDCFS or otherwise affect our determination of this matter.

and the harm she alleged to have suffered due to their actions or inactions. The timetable of the allegations in her complaint encompassed a considerable portion of her life, from early childhood into her late teenage years, spanning from her initial custody with CCDCFS in January 2005 through her experiences at New Beginnings in September 2019. Relator sought monetary damages totaling $3,500,000 from CCDCFS, $750,000 from New Beginnings Residential Treatment Center, and $50,000 from Annette Patterson, plus statutory interest, costs of action, and restitution for any additional violations discovered during the discovery process.

**{¶3}** In responding to Relator's claims, New Beginnings filed a detailed 31-page discovery request comprising of interrogatories, requests for production of documents, and admissions. This initiated what would become a significant number of discovery-related documents filed by Relator. Given these filings' sheer volume and specificity, this opinion will not dissect each one individually but will recognize their collective impact on the case's trajectory. Instead, we will focus on setting forth the overarching procedural history while giving particular attention to other significant filings that directly influenced the case's direction.

**{¶4}** Annette Patterson, participating without legal representation, filed her answer, aligning her defense with the overall dynamics of the case alongside the other defendants.

**{¶5}** On June 20, 2023, the Relator submitted a request to suspend the application of the statute of limitations to her case, arguing for the applicability of three exceptions to extend the deadline for filing her lawsuit. These exceptions included tolling due to being under the legal age of majority, allegations of fraudulent concealment, and claims of continuing violations.

**{¶6}** On June 26, 2023, CCDCFS filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted on three grounds. CCDCFS argued that it is a department or agency of Cuyahoga County and, as such, is not sui juris and cannot be sued in its own right. CCDCFS also argued that Relator's claims were time-barred and that it was entitled to political subdivision immunity under R.C. Chapter 2744. Annette Patterson, representing herself, then filed her own Civ.R. 12(B)(6) motion,

joining CCDCFS's motion regarding the argument that the statute of limitations barred Relator's claims.

{¶7}   On July 25, 2023, New Beginnings moved for summary judgment on the basis that the statute of limitations for Relator's claims had expired.  Six days later, on July 31, 2023, Judge D'Apolito issued a judgment entry granting CCDCFS's Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted on all three grounds, addressing CCDCFS's non-amenable status to suit as a matter of law, the statute of limitations, and political subdivision immunity under R.C. 2744.01 et seq.  He agreed with CCDCFS, noting it is a department or agency of Cuyahoga County, not a separate legal entity amenable to suit, leading to dismissal of claims against it.  He determined Relator's claims were filed beyond the two-year statute of limitations for political subdivision claims, noting Relator reached the age of majority on May 5, 2023, and filed this action on May 22, 2023.

{¶8}   Under R.C. Chapter 2744, Judge D'Apolito found CCDCFS immune from liability, concluding Relator failed to demonstrate that any exceptions to immunity applied. He specifically analyzed Relator's negligence claim and found no applicable exception under R.C. 2744.02(B) to strip CCDCFS of its immunity.  He also denied as moot all other pending motions relating to CCDCFS.

{¶9}   The following day, Relator filed an "objection" to the entry granting CCDCFS's motion to dismiss.  As for Judge D'Apolito's conclusion that CCDCFS was immune from liability, Relator reasserted her claim that an exception to immunity arose due to the negligent conduct of employees while carrying out a proprietary function. Lastly, Relator noted that she demanded a jury trial and did not consent to the court's magistrate presiding over the case.  She asked for the magistrate's recusal based on "the perceived conflict of interest."

{¶10}  On August 23, 2023, Relator filed an amended complaint, expanding and elaborating on the allegations made in her initial filing.  Her claims against CCDCFS detailed a litany of failures, including negligence, failure to investigate, false labeling, violation of due process, emotional distress, mismanagement of her case, breach of duty, inadequate training and supervision, violation of civil rights, retaliation, lack of accountability, insufficient investigation, miscommunication, inadequate monitoring,

ignoring her input, and several others. The allegations collectively pointed to a systemic failure to protect her rights and well-being, having a profound impact on her life and leading to significant emotional and psychological harm.

{¶11} In detailing her time at New Beginnings, Relator described suffering from physical abuse, intentional infliction of emotional distress, civil rights violations, and a range of other harms. She recounted an incident involving inappropriate restraint and denial of medical treatment, highlighting a disregard for her safety and dignity. She framed these experiences as violations of her constitutional rights, including due process and protection from cruel and unusual punishment, alongside claims of false imprisonment, assault and battery, sexual misconduct, defamation, and failure to protect her from known risks.

{¶12} Relator's allegations against Annette Patterson described an environment of verbal insults, humiliation, intimidation, threats, manipulation, gaslighting, excessive control, neglect, and physical abuse. She also detailed sexual abuse by another individual under Annette Patterson's care, accusing her of negligence and failure to supervise properly. These claims encompassed violations of her rights to safety, privacy, and dignity, alongside specific legal violations, including breach of placement agreements and failure to follow foster care procedures.

{¶13} Contemporaneously with her amended complaint, Relator moved to strike further pleadings from the defendants until they fulfilled their discovery obligations. She contrasted her own compliance with discovery requests to the defendants' actions, which she described as evasive, noncompliant, and indicative of a disregard for their legal responsibilities.

{¶14} On August 28, 2023, Relator moved for summary judgment against CCDCFS, New Beginnings, and Annette Patterson based on the evidence and admissions gathered through the discovery process. Relator argued that due to the defendants' failure to adequately respond to certain discovery requests, including interrogatories and requests for admissions, their silence or noncompliance constituted "deemed admissions." According to Relator, these deemed admissions lent unwavering support to her allegations of negligence, breach of duty, and other claims against the defendants.

{¶15} On August 29, 2023, Judge D'Apolito issued a judgment entry addressing Annette Patterson's motion to dismiss, New Beginnings' motion for summary judgment, and Relator's filings in opposition. The argument contained in the motions focused on how Relator's claims were time-barred by the applicable statutes of limitations.

{¶16} After reviewing the pleadings, Judge D'Apolito considered the statutes of limitations relevant to the claims. He acknowledged that claims subject to one-year or two-year statute limitations were time-barred. However, he identified exceptions for certain claims: intentional infliction of emotional distress against New Beginnings and Annette Patterson, and a newly introduced claim of childhood sexual abuse in Relator's amended complaint. These claims, he found, were not time-barred due to longer statutes of limitations applicable to intentional infliction of emotional distress (four years) and childhood sexual abuse (twelve years).

{¶17} Additionally, Judge D'Apolito addressed a breach of contract claim against New Beginnings, noting ambiguity around the existence of an oral or implied contract. Given the unresolved nature of these facts, he denied the motion for summary judgment on this breach of contract claim, citing insufficient evidence to conclude that New Beginnings was entitled to judgment as a matter of law.

{¶18} Judge D'Apolito's decision thus allowed for the intentional infliction of emotional distress claims and the breach of contract claim to move forward, while dismissing claims that fell outside the applicable statutes of limitations. It also left open the possibility for Relator to pursue her childhood sexual abuse claim, contingent upon her being granted leave to file her amended complaint.

{¶19} On August 30, 2023, New Beginnings moved for summary judgment concerning Relator's remaining claims based primarily on Relator's failure to respond to Requests for Admissions within the allotted timeframe, despite an extension granted by the court. These requests sought admissions regarding the absence of damages or injuries caused by New Beginnings, the non-existence of a contract with Relator, and the absence of any civil rights violations.

{¶20} New Beginnings argued that failing to dispute these admissions left no genuine issue of material fact. Thus, it asserted that summary judgment in its favor was appropriate. The motion emphasized that unresponded requests are deemed

conclusively admitted, eliminating the basis for Relator's claims against New Beginnings and entitling it to summary judgment.

**{¶21}** Relator opposed New Beginnings' summary judgment motion, first complaining about the court's refusal to acknowledge her motion for recusal. She then disputed New Beginnings' reliance on the statute of limitations for dismissal, noting that she had filed an uncontested motion to suspend the statute's application based on the potential discovery of further evidence. Relator contended that overlooking this motion and defaulting to a statute of limitations defense was unfair. Next, she addressed the claim that she did not seek leave to amend her complaint, countering that her original complaint explicitly intended to incorporate all claims and any additional evidence uncovered during discovery. She argued that her motion for amendment sought to clarify any ambiguities and that the court should address them in the interest of fairness.

**{¶22}** On October 19, 2023, Relator moved for default judgment and moved to compel the production of discovery materials. The motion asked the court to grant a default judgment against CCDCFS, New Beginnings, and Annette Patterson based on their inaction and the uncontested evidence of negligence and abuse. Additionally, Relator sought a court order compelling CCDCFS to provide the requested discovery documents. Nowhere in the filing did Relator reference or acknowledge that the court had issued a judgment entry on July 31, 2023, granting the motion to dismiss filed by CCDCFS.

**{¶23}** On November 29, 2023, Annette Patterson, now represented by counsel, filed a motion for leave to file a motion for summary judgment. The memorandum supporting the motion for summary judgment argued that Relator's lack of response to specific requests for admission conclusively established that Annette Patterson's actions or omissions did not cause Relator's injuries. This, according to Annette Patterson's counsel, negated the possibility of claims for intentional infliction of emotional distress or childhood sexual abuse against Annette Patterson.

**{¶24}** On December 6, 2023, Relator moved for judgment on the pleadings, arguing the defendants had "failed to a state a claim upon which relief could be granted."

**{¶25}** Subsequently, Judge D'Apolito issued a comprehensive judgment entry addressing and resolving all pending motions on February 13, 2024. He noted the

dismissal of CCDCFS as a defendant from the case on July 31, 2023, which left Annette Patterson and New Beginnings Residential Treatment Center as the remaining defendants.

{¶26} Judge D'Apolito took several actions on Relator's motions. He denied her untimely demand for a jury trial and allowed her motion to amend the complaint, granting the amended complaint the same filing date as the motion, August 23, 2023. He gave New Beginnings and Annette Patterson 30 days to respond to the amended complaint. He interpreted Relator's motion for expedited judgment as a request for summary judgment. He denied it, stating that all parties had appeared and filed responsive pleadings, and that there were genuine issues of material fact preventing such judgment. Additionally, he denied Relator's December 6, 2023 motion for judgment on the pleadings, as New Beginnings and Annette Patterson had filed answers denying Relator's allegations.

{¶27} The entry also addressed motions related to discovery. Judge D'Apolito deemed all motions filed by Relator compelling discovery or asking for sanctions against Annette Patterson and New Beginnings as moot, as they had served responses to discovery requests, though Relator challenged their accuracy.

{¶28} Specifically regarding a motion for summary judgment filed by New Beginnings, Judge D'Apolito instructed Relator to update her discovery responses following the civil rules of procedure within 14 days and scheduled a non-oral hearing on April 1, 2024, to consider New Beginnings' motion for summary judgment. He gave Relator 28 days to file her memorandum in opposition and New Beginnings 7 days to reply.

{¶29} Judge D'Apolito overruled all motions for a default judgment as moot since all parties had appeared and filed the necessary pleadings. He overruled all other motions not explicitly addressed in the entry.

{¶30} That same day, Relator filed her petition for a peremptory writ of mandamus with this Court. Judge D'Apolito, on his own motion, issued an entry staying the proceedings in *Patterson v. Cuyahoga Cty. Children & Family Servs.*, Mahoning C.P. No. 2023 CV 00964, until the resolution of this original action or unless otherwise directed by this Court. New Beginnings, Judge D'Apolito, and CCDCFS have each moved to dismiss

the petition on various grounds. Judge D'Apolito and CCDCFS argue that we should dismiss Relator's petition as procedurally deficient because she did not caption it in the name of the state on the relation of the person applying and did not verify it by affidavit as required under R.C. 2731.04.

## II. APPLICABLE LAW

### A. Mandamus

{¶31} This Court has jurisdiction to hear an original mandamus action under Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. Generally, to receive a writ of mandamus, the relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. King v. Fleegle*, 160 Ohio St.3d 380, 2020-Ohio-3302, 157 N.E.3d 707, ¶ 5.

{¶32} Granting a writ of mandamus is not a decision to be made lightly. Mandamus is regarded as an "extraordinary remedy," warranting careful and judicious consideration by the court. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18; *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977). The burden is on the relator to establish their right to this writ through clear and convincing evidence. *Manley* at ¶ 18.

### B. Civ.R. 12(B)(6) Motion to Dismiss

{¶33} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the petition. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. Dismissal of a mandamus action under Civ.R. 12(B)(6) is appropriate if, after presuming all factual allegations in the mandamus petition to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to a writ of mandamus. *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, 175 N.E.3d 539, ¶ 8, citing *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. Unsupported conclusions of a petition are not considered admitted and are

insufficient to withstand a motion to dismiss. *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989).

**{¶34}** Additionally, a court can dismiss a mandamus petition on its own accord "'when * * * the claimant obviously cannot prevail on the facts alleged in the complaint.'" *State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶ 12, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14; *accord State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7. Thus, the relevant inquiry is whether, after presuming the truth of all material factual allegations of Relator's petition and making all reasonable inferences in her favor, it is beyond doubt she could prove no set of facts entitling her to a writ of mandamus. *See Scott* at ¶ 14.

## III. ANALYSIS

### A. Procedural Requirements of R.C. 2731.04

**{¶35}** There are three specific requirements when applying for a writ of mandamus. The application (1) must be by petition, (2) in the name of the state on the relation of the person applying, and (3) verified by affidavit. R.C. 2731.04. In their respective motions to dismiss, Judge D'Apolito and CCDCFS have pointed to Relator's failure to caption her petition in the name of the state on the relation of the person applying and failure to verify her petition by affidavit as grounds for their motions. If a respondent alerts a relator of their failure to properly caption their mandamus petition in the name of the state on the relation of the person applying and the relator does not seek leave to amend their petition to comply with R.C. 2731.04, the mandamus action must be dismissed. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 36, citing *Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records*, 75 Ohio St.3d 508, 664 N.E.2d 521 (1996).

**{¶36}** A review of Relator's petition reveals that she brought the petition in her name only. The title of the action in the caption of Relator's petition appears as follows: "Elizabeth Patterson, Relator" and "Judge Anthony M. Dapolito [sic] * * * Respondent.(s) [sic]". On March 27, 2024, Relator moved for leave to amend her petition "to correct procedural deficiencies, errors, and omissions identified in the original petition."

Contemporaneously with this motion and her amended petition, Relator also filed an affidavit of verity. We grant Relator's motion for leave to amend and accept her amended petition and affidavit of verity.

**{¶37}** We have reviewed her amended petition; however, it has not been brought in the name of the state on her relation. The title of the action in the caption of Relator's amended petition reads: "STATE OF OHIO, ET. AL. RELATOR V. DAPOLITO [sic], JUDGE ANTHONY M * * * RESPONDANDT [sic]." Relator's continued failure to properly caption her petition in compliance with R.C. 2731.04, standing alone, is a proper ground to dismiss this original action. *Page v. Geauga Cty. Prob. & Juvenile Court*, 172 Ohio St.3d 400, 2023-Ohio-2491, 224 N.E.3d 51, ¶ 2; *Blankenship, supra.*

### B. Judicial Discretion - R.C. 2731.03

**{¶38}** Despite the procedural deficiency, even a cursory yet substantive review of the claims for relief asserted by Relator in her amended petition compels us to dismiss it on its merits. In her amended petition, Relator seeks a writ of mandamus ordering Judge D'Apolito to enter a default judgment and summary judgment in her favor and against CCDCFS, New Beginnings, and Annette Patterson on her claims in *Patterson v. Cuyahoga Cty. Children & Family Servs.*, Mahoning C.P. No. 2023 CV 00964.

**{¶39}** Ohio Revised Code Chapter 2731 governs mandamus actions. R.C. 2731.03 sets forth the scope of mandamus: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." The first and second clauses together describe the affirmative powers of the writ. In the context of a trial court's motion docket, a writ of mandamus may be available when a litigant files a motion, and the trial court fails to rule on the motion or has unnecessarily delayed proceeding to judgment. *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 11. Relator's amended petition does not present this Court with facts that would authorize it to exercise these affirmative powers of the writ. Relator references numerous motions filed in the case presided over by Judge D'Apolito and he has ruled upon all of those motions.

Case No. 24 MA 0021

{¶40}  The crux of Relator's petition is her dissatisfaction with how Judge D'Apolito has ruled on those motions.  Effectively, she is seeking to have us order Judge D'Apolito to alter the outcome of the decisions, over which he has already exercised his discretion, to be in her favor.  However, the third clause of R.C. 2731.03 introduces a limitation on the affirmative powers of the writ, which expressly prohibits a court from issuing it to alter the inferior tribunal's exercise of its discretion.  The potency of this limitation is reflected in the terseness of R.C. 2731.03's title: "Writ does not control judicial discretion."  As the Supreme Court of Ohio has described, "when a court has discretion to act, its only duty is to exercise that discretion."  *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914, 916 (1987).  The Supreme Court has further explained that mandamus will not lie to control judicial discretion, even if that discretion is abused.  *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3.

{¶41}  The remedy for Relator lies with an appeal of Judge D'Apolito's rulings on those motions upon final judgment.  Under R.C. 2731.05, "the writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."  When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ of mandamus. *State ex rel. Alhamarshah v. Indus. Comm.*, 142 Ohio St.3d 524, 2015-Ohio-1357, 33 N.E.3d 43, ¶ 11.

## IV. CONCLUSION

{¶42}  Even after presuming the truth of all material factual allegations of Relator's amended petition and making all reasonable inferences in her favor, it is beyond doubt she could prove no set of facts entitling her to a writ of mandamus.  We grant the motions to dismiss filed by New Beginnings, Judge D'Apolito, and CCDCFS.  We dismiss Relator's amended petition and, as it pertains to Annette Patterson, do so of our own accord.  Any unresolved motions and filings not addressed herein are dismissed as moot.

{¶43}  Writ DENIED.  The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal.  Civ.R. 58(B).  The costs of this action are waived.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**