[Cite as *State v. Wise*, 2024-Ohio-2465.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN TYREE WISE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 BE 0028

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 106

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Michael A. Partlow*, for Defendant-Appellant.

Dated:  June 26, 2024

**Robb, P.J.**

**{¶1}** Appellant, John Tyree Wise, appeals the May 23, 2023 judgment finding him in violation of community control and sentencing him to four years in prison, consecutive to a prison term imposed by the Jefferson County Court of Common Pleas.

**{¶2}** Appellant argues the trial court lacked authority to impose any prison term because his initial 2017 sentence was contrary to law. He also contends the trial court lacked the authority to order his incarceration to be served consecutive to another sentence. The state concedes error on Appellant's first assigned error. For the following reasons, we reverse and remand.

<u>Statement of the Facts and Case</u>

**{¶3}** Appellant was indicted in April of 2017. He was charged with one count of felonious assault, a violation of R.C. 2903.11(A)(1), a second-degree felony.

**{¶4}** Following the exchange of discovery, the case was set for trial and several plea hearings. The October 4, 2017 plea and sentencing hearing reflects the following. Appellant agreed to plead guilty to one count of felonious assault, a second-degree felony. In exchange, the state agreed to recommend Appellant be on nonresidential community control. At the time of the hearing, Appellant was serving a term of incarceration imposed in another case.

**{¶5}** The trial court imposed the agreed upon plea and sentence and imposed a five-year term of community control. The court admonished Appellant that "the terms of incarceration for violation of this order or any terms of your sanctions is up to eight years in the penitentiary * * *." (October 4, 2017 Plea Hrg. 19.)

**{¶6}** Appellant's written plea of guilty executed on October 4, 2017 indicates he was facing a maximum eight years in prison and a maximum $10,000 fine. (October 10, 2017 Plea.)

**{¶7}** The sentencing judgment also states Appellant was sentenced to a term of five years of community control sanctions with three years post-release control. It also states Appellant was facing "up to 8 years in the penitentiary" as his "reserved sentence" for a violation of community control sanctions. (October 10, 2017 Plea & Agreed Sentencing Judgment.)

<u>Case No. 23 BE 0028</u>

{¶8} The state filed a motion to revoke community control sanctions in November of 2021. The motion sets forth seven alleged violations and states in part Appellant violated the terms of his community control by violating the laws of the state, among other things. (November 4, 2021 Motion.) A warrant was issued for Appellant's arrest. The court was eventually notified he was incarcerated in Jefferson County awaiting trial in a different matter. (August 15, 2022 Judgment.)

{¶9} The May 15, 2023 revocation hearing transcript confirms that Appellant's supervisor raised seven alleged violations against him. Appellant was represented by counsel and admitted the allegations. He also agreed to proceed to sentencing on that date. The court recited the facts of his 2017 plea and sentence, including the fact that Appellant had "up to eight years in the penitentiary" "hanging over his head * * *." In light of the violations, the court imposed a four-year prison term to be served consecutively to the prison term Appellant was serving at the time of the revocation hearing. Appellant was also ordered to pay costs. (May 15, 2023 Tr. 3-5, 13-14.)

{¶10} The trial court's May 22, 2023 judgment also reflects Appellant admitted to seven violations of his community control sanctions. Thus, the court found him in violation. It terminated any remaining term and ordered him to serve four years in prison to commence immediately after his sentence and consecutively to the sentence imposed by the Jefferson County Court of Common Pleas. This judgment also states that Appellant's "reserved sentence was up to eight (8) years" in prison. The trial court also ordered him to pay costs and the costs of confinement. (May 23, 2023 Sentencing Entry.)

{¶11} Appellant appealed and raises two assignments of error.

Authority to Impose a Prison Term for Community Control Violation

{¶12} Appellant's first assigned error contends:

"The trial court erred, as a matter of law, by sentencing Appellant to a term of incarceration."

{¶13} He claims the trial court's imposition of any prison term is reversible error because the original 2017 sentencing merely advised him of a range he faced for a violation, i.e., up to eight years in prison. And because the trial court failed to properly advise Appellant of a specific term of incarceration that he faced for a violation of community control in 2017, it lacked authority to impose any prison term in 2023.

**{¶14}** Consistent with Appellant's argument, the Ohio Supreme Court has held a sentencing court must notify the offender about the specific consequences for violating community control conditions at the hearing. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. The required notification in R.C. 2929.19(B)(5) was intended "to make the offender aware *before a violation* of the specific prison term that he or she will face for a violation." *Id.* at ¶ 33. (Emphasis added.) A "specific prison term" means a definite prison term, fixed in months or years, not a range of time. *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, citing *Brooks, supra*, at ¶ 29-31.

**{¶15}** If a specific notice is not provided, then the matter "must be remanded to the trial court for a resentencing * * * with a prison term not an option." *Id.* On remand, the court may choose one of the options in R.C. 2929.15(B) "(imposing a longer time under the same sanction or imposing a more restrictive sanction)." *Brooks, supra.,* at fn 2.

**{¶16}** As alleged, the trial court here informed Appellant in 2017 at the hearing and in its sentencing judgment that if Appellant were to violate the terms of his community control, he faced "up to" eight years in prison. (October 10, 2017 Sentencing Entry.) (October 4, 2017 Plea Hrg. 19.)

**{¶17}** Because Appellant was not advised of the specific prison term he faced for a violation, we find error and reverse and remand for resentencing. On remand, the trial court is not authorized to impose a prison term. *Brooks, supra.*

**{¶18}** Accordingly, Appellant's first assigned error has merit.

Consecutive Sentences

**{¶19}** Appellant's second assigned error asserts:

"The trial court erred, as a matter of law, by imposing a prison term on Appellant to be served consecutively to another prison term from another case."

**{¶20}** Appellant claims if his first assigned error has merit, his second assignment is moot. We agree since it has no practical effect on the pending controversy. App.R. 12(A)(1)(c); *Miller v. Rice Drilling D LLC*, 7th Dist. Belmont No. 22 BE 0050, 2023-Ohio-3588, ¶ 119. Consequently, the trial court's decision to order a prison term to run consecutively to Appellant's term in another case is of no consequence because it cannot do so on remand.

<u>Conclusion</u>

**{¶21}** Appellant's first assignment has merit and his second assignment is moot. We reverse and remand for resentencing. On remand, the trial court is precluded from imposing a term of incarceration.

Waite, J., concurs.

Hanni, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that Appellant's first assignment has merit and his second assignment is moot. We reverse and remand for resentencing. On remand, the trial court is precluded from imposing a term of incarceration according to law and consistent with this Court's Opinion. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**