[Cite as *State ex rel. Wise v. Vavra*, 2025-Ohio-4805.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE EX REL. JOHN T. WISE,

Relator,

v.

JUDGE JOHN A. VAVRA,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0035

---

Writ of Mandamus

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

John T. Wise, *Pro se*, Relator and

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Respondent.

Dated: October 20, 2025

**PER CURIAM.**

{¶1} This matter is before the Court on Relator John T. Wise's second petition for a writ of mandamus, this time properly naming as Respondent the Honorable John A. Vavra, Judge of the Belmont County Court of Common Pleas. Relator seeks to compel Respondent's immediate compliance with this Court's mandate in *State v. Wise*, 2024-Ohio-2465 (7th Dist.), arguing that Respondent improperly continued the resentencing proceedings until August 24, 2026, in violation of our directive. Intervening events, however, have rendered this petition moot. On August 19, 2025, the state withdrew its motion to revoke Relator's community control sentence and the parties agreed to a dismissal of the revocation of Relator's community control sentence. Additionally, Respondent vacated the imposition of the four-year prison sentence and canceled the proceedings scheduled for August 24, 2026. Because no resentencing is now required, we deny the petition as moot.

## Background

{¶2} Relator's underlying criminal proceedings began in 2017 when he was indicted on one count of felonious assault, a second-degree felony. He pleaded guilty pursuant to an agreement that imposed a five-year term of community control, with the trial court's sentencing entry specifying that he faced up to eight years of incarceration if he violated its conditions. Years later, following an alleged series of community control violations, the trial court revoked Relator's community control and sentenced him to four years in prison, to be served consecutively to a separate term imposed in Jefferson County.

{¶3} On appeal, this Court, relying on R.C. 2929.19(B)(5) and binding precedent from the Supreme Court of Ohio in *State v. Brooks*, 2004-Ohio-4746, and *State v. Howard*, 2020-Ohio-3195, concluded that the trial court erred by initially failing to properly advise Relator of the specific prison term he faced should he violate community control, thereby rendering its revocation and imposition of a prison term improper. *State v. Wise*, 2024-Ohio-2465 (7th Dist.). Because the trial court erred in this respect, we reversed and

remanded for resentencing, precluding imposition of a prison term. *Id*. We provided this directive both at the conclusion of our opinion and in the incorporated judgment entry. *Id*.

## First Mandamus Action

{¶4}    Following remand, on July 9, 2024, the trial court issued a judgment entry setting a pretrial/scheduling conference "in accordance with the Opinion and Judgment Entry of the Seventh District Court of Appeals." However, on July 31, 2024, despite this Court's unequivocal directive in *Wise*, the trial court issued an order continuing the case until August 24, 2026, citing the parties' joint request and stating that Relator's conduct in the interim would influence its decision.

{¶5}    Relator asserted that this two-year delay violated this Court's mandate and sought a writ of mandamus compelling compliance with the resentencing directive. His initial petition, however, improperly named the Belmont County Court of Common Pleas as Respondent rather than the presiding judge. Because a court of common pleas is not sui juris and lacks the capacity to sue or be sued in its own name, we sua sponte dismissed that petition. *State ex rel. Wise v. Belmont Cty. Court of Common Pleas,* 2025-Ohio-992 (7th Dist.).

{¶6}    While we recognized the significant delay in executing our earlier mandate, dismissal of the original action was warranted due to the procedural defect. *Id*. at ¶ 7. Nevertheless, we noted that judicial efficiency and the interests of justice generally favor the prompt resolution of remanded proceedings, and we suggested that reconsideration of the August 24, 2026 continuance may better align with the objectives of appellate review and the prompt administration of justice. *Id*. at ¶ 8.

## Present Mandamus Action

{¶7}    On July 16, 2025, Relator filed the present petition for a writ of mandamus, this time properly naming Respondent Judge John A. Vavra. Relator again seeks to compel Respondent's compliance with this Court's mandate by requiring immediate resentencing rather than adhering to the lengthy continuance. Relator contends that Respondent lacks both the discretion and jurisdiction to delay implementation of this Court's directive.

{¶8}   On August 15, 2025, Respondent filed a combined response and motion to dismiss, arguing that the petition has become moot.  Respondent explained that on that same date, with Relator's counsel's consent, the state agreed to withdraw its motion to revoke Relator's community control sanction.  Based on the parties' joint agreement, Respondent entered a dismissal of the revocation of Relator's community control sentence.  Because the underlying revocation proceeding has been dismissed, no resentencing is necessary, rendering Relator's request for mandamus relief moot.

{¶9}   Relator has not filed a response to Respondent's motion to dismiss.

## Law and Analysis

{¶10} This Court has jurisdiction to hear an original mandamus action under Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02.  Generally, to receive a writ of mandamus, the relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. King v. Fleegle*, 2020-Ohio-3302, ¶ 5.

{¶11} Courts resolve actual controversies and refrain from rendering advisory opinions on moot questions.  *State ex rel. Grendell v. Geauga Cnty. Bd. of Commrs.*, 2022-Ohio-2833, ¶ 9.  When a controversy becomes moot, the appropriate disposition is to deny the writ rather than dismiss the case.  *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 33.

{¶12} Here, Relator's petition seeks only one form of relief:  an order compelling Respondent to proceed with resentencing in accordance with this Court's mandate in *State v. Wise*, 2024-Ohio-2465 (7th Dist.), rather than continuing the matter until August 24, 2026. The gravamen of Relator's complaint is his entitlement to immediate resentencing without prison, consistent with our earlier directive.

{¶13} However, the withdrawal and dismissal of the revocation charges on August 15, 2025, has eliminated the need for any resentencing. The underlying proceeding that gave rise to this Court's mandate—the community control revocation—no longer exists. With the state's withdrawal of its motion to revoke, there remains no revocation sentence to be reconsidered or reimposed.

{¶14} Because the revocation of Relator's community control sentence has been dismissed, Relator no longer faces any penalty for the alleged community control violations. The issue that formed the basis for this Court's mandate—the improper imposition of a prison term following revocation—has been resolved through dismissal of the charges rather than resentencing. Under these circumstances, no relief remains that this Court can or should grant, rendering the petition moot.

{¶15} For these reasons, we deny Relator's petition for a writ of mandamus as moot. Pursuant to Civ.R. 58, the Clerk of the Belmont County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs for this action are waived.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

Case No. 25 BE 0035