[Cite as *Savage v. Donofrio*, 2026-Ohio-180.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

LEONARD SAVAGE,

Relator,

v.

HONORABLE JUDGE ANTHONY DONOFRIO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0102**

---

Writ of Procedendo

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Writ Denied.

---

*Atty. Melanie F. Womer,* for Relator and

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kathi McNabb Welsh*, Chief Assistant, Civil Division, for Respondent.

Dated**:**  January 21, 2026

**PER CURIAM.**

{¶1} Relator, Leonard Savage, filed this original action seeking a Writ of Procedendo to compel Respondent, the Honorable Anthony Donofrio, Judge of the Mahoning County Court of Common Pleas, to rule on his pending amended petition for postconviction relief. After this action was filed, but before this Court ruled, Judge Donofrio entered judgment on the petition. Because the trial court has now performed the act Savage sought to compel, no relief remains available, and the writ is denied as moot.

Facts and Procedural History

{¶2} Savage was convicted in January 2017 of complicity to aggravated murder, complicity to attempted murder, and complicity to felonious assault arising from events in Mahoning County Court of Common Pleas Case No. 2015 CR 01174. This Court affirmed his convictions and sentence on direct appeal. *State v. Savage*, 2018-Ohio-5125 (7th Dist.).

{¶3} On June 22, 2018, Savage filed a petition for postconviction relief pursuant to R.C. 2953.21. The state responded with a motion for judgment on the pleadings, and Savage filed a reply in October 2018. No ruling followed.

{¶4} In July 2020, Savage's current counsel entered an appearance and sought leave to file an amended petition. The trial court granted leave, and after several extensions, the amended petition was filed on December 18, 2020. The state again moved for judgment on the pleadings on May 27, 2021. Savage filed his opposition on July 30, 2021. At that point, briefing was complete.

{¶5} No ruling followed. On June 28, 2022, Savage filed a request for a hearing on the status of his petition. The trial court did not rule on that request. The docket reflects no substantive action on the amended petition for more than three years after briefing concluded.

{¶6} On October 30, 2025, Savage filed this complaint for a writ of procedendo, alleging that the trial court had refused or unnecessarily delayed proceeding to judgment on his amended petition.

Case No. 25 MA 0102

{¶7} On November 25, 2025, after this action was filed but before this Court ruled, the trial court entered a judgment denying Savage's amended petition for postconviction relief. Respondent then moved to dismiss this action as moot.

Analysis

{¶8} A writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction directing the lower court to proceed to judgment. *State ex rel. Williams v. Croce*, 2018-Ohio-2703, ¶ 6. The writ addresses a court's refusal to act or its unnecessary delay in acting. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 14, citing *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. It does not control what the judgment should be, only that a judgment must be issued. *State ex rel. Williams v. Croce*, 2018-Ohio-2703, ¶ 6.

{¶9} To obtain the writ, a relator must establish three elements: a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *Floyd* at ¶ 14.

{¶10} The critical limitation on procedendo, however, is that it will not issue to compel an act already performed. *Id*. at ¶ 15; *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 9. When the lower court issues the ruling the relator seeks to compel, the procedendo claim becomes moot. *State ex rel. Hibbler v. O'Neill*, 2020-Ohio-1070, ¶ 9.

{¶11} The reason is straightforward. Procedendo exists to remedy inaction, to compel a court that has refused or delayed to finally act. Once the court acts, the remedy has nothing left to accomplish. The writ cannot undo past delay, impose consequences for prior inaction, or provide any other form of retrospective relief. Its sole function is forward-looking: to require a ruling that has not yet been made.

{¶12} Here, Savage sought an order compelling Judge Donofrio to rule on his amended petition for postconviction relief. On November 25, 2025, Judge Donofrio did exactly that, he entered a judgment disposing of the petition. Whatever the merits of that ruling, and however long it may have taken to arrive, the fact remains that the trial court has now proceeded to judgment. There is nothing left for a writ of procedendo to accomplish.

{¶13} Respondent styles his filing as a motion to dismiss. Although this Court agrees that subsequent events have rendered the requested relief unavailable, dismissal

is not the proper disposition when an original-action claim becomes moot. The correct disposition is to deny the writ. *See State ex rel. Wise v. Vavra*, 2025-Ohio-4805 (7th Dist.), citing *State ex rel. Ames v. Concord Township Bd. of Trustees*, 2025-Ohio-1027, ¶ 33.

<u>Conclusion</u>

**{¶14}** Savage filed this action to compel the trial court to rule on his amended petition for postconviction relief. The trial court has now ruled. Because procedendo cannot compel an act already performed, the writ is denied as moot. Respondent's motion to dismiss is denied as moot.

**{¶15}** Costs waived. Final order. Pursuant to Civ.R. 58, the Clerk of the Mahoning County Court of Appeals shall serve all parties with notice of this judgment and the date of its entry upon the journal.

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

<u>Case No. 25 MA 0102</u>